Dear Mr. Childs:
Our office received a request from you made on behalf of the Mayor of the City of New Orleans to reconsider Opinion 08-0211. Your letter states Opinion 08-0211 fails to consider the separation of powers issue, and asks us to clarify whether it is permissible for the City Council of New Orleans (City Council) to establish standards for open meetings which apply to the Executive Branch of the City of New Orleans. For the reasons stated below, we reaffirm the position taken in 08-0211, and clarify 08-0211 to the extent of providing that the City Council is permitted to pass ordinances which establish standards for open meetings which apply equally to the Executive Branch and Legislative Branch of the City of New Orleans, but only because the Louisiana Constitution and Louisiana Revised Statutes require compliance with the Open Meetings Law. Because the specific ordinances at issue reiterate requirements for transparency which the Executive Branch of the City of New Orleans must comply with, as required by La.Const. Art. XII, § 3 and La.R.S. 42:4.1
et seq., the City Council's ordinances are merely a reiteration of state law requirements, and it is not necessary for the opinion to address whether the legislative branch has the authority to bind the executive branch of city government.
As an initial matter, your letter points out that Opinion 08-0211 cites the applicable constitutional provision to the City of New Orleans Home Rule Charter as La.Const. Art. VI, § 5(E), and the correct applicable provision is La.Const. Art. VI, § 4. Regrettably, the incorrect constitutional provision was cited in the opinion, and you are correct that the applicable provision is La.Const. Art. VI, § 4. However, this does not change the result of the analysis. The cited provision in Opinion 08-0211 applies to a Home Rule Charter *Page 2 
adopted after 1974, and states that a Home Rule Charter adopted under this section "shall provide for the structure and organization, powers, and functions of the government of the local governmental subdivision . . . not denied by general law or inconsistent with this constitution." La.Const. Art. VI, § 5(E). The appropriate constitutional provision for a Home Rule Charter adopted prior to 1974, La.Const. Art. VI, § 4, provides:
 Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions.
[Emphasis added.]
The issue presented in Opinion 08-0211 concerned the application of a constitutional provision, La.Const. Art. XII, § 3, which states that "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." Because La.Const. Art. VI, § 4 provides that the Home Rule Charter may not be inconsistent with the Constitution, the conclusion drawn in Opinion 08-0211 does not change: the Home Rule Charter may not conflict with or supersede the constitutional guarantee to the public of the right to observe the deliberations of public bodies.
As you properly note, the powers granted to pre-1974 Home Rule Charters are broader than those granted to Home Rule Charters adopted subsequent to the adoption of the 1974 Louisiana Constitution. However, these powers are subject to the limitation of consistency with the Louisiana Constitution. See City of New Orleans v. Board of Commissioners of theOrleans Levee District, 93-0691 (La. 7/5/94); 640 So.2d 237; MerrittMcDonald Construction, Inc. v. Parish of East Baton Rouge, 98-1032 (La.App. 1 Cir. 5/14/99); 742 So.2d 564. As these cases also note, a conflicting state law is not preemptive unless it is "necessary to protect the vital interest of the state as a whole." City of New Orleans,640 So.2d at 252; Merritt McDonald Construction, 742 So.2d at 570. Our office opined in La. Atty. Gen. Op. No. 02-0258A that the Open Meetings Law is legislation enacted under the police power of the state:
 `To sustain legislation under the police power, the courts must find its operation tends to some degree to prevent an offense or evil or otherwise to preserve public health, morals, safety or welfare,' Francis v. Morial, 455 So.2d 1168, 1172-1173 (La. 1984); Lafource Parish Council v. Autin, 94-0985 (La. 12/9/94) at p. 17, 648 So.2d 343, 356. The `Open Meetings Law,' in our opinion fits the definition of a state law enacted under its *Page 3 
police power. It tends to prevent the evil of secretive governmental deliberations by any public body at any level of government. It secures the vital interest of the state as a whole-viz., the statewide interest that `[i]t is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy,' La.R.S. 42:4.1 (A) — by assuring at every level of government throughout the state that proceedings of public bodies be open to public viewing.
The City Council asked whether it was permissible for the Council to pass resolutions promoting transparency in the awarding of professional service contracts applicable to both the legislative and executive branches of city government, standards consistent with the state laws requiring transparency of public bodies conducting public business. Opinion 08-0211 stated that passing such resolutions were permissible, but noted that the reason they could do so was because the Louisiana Constitution requires transparency from any public body:
 The Council's proposals to pass resolutions promoting transparency in the awarding of professional service contracts is permissible because the Louisiana Constitution and the Louisiana Revised Statutes require transparency from any public body falling within the definition of La.R.S. 42:4.2(A)(2), and a committee created pursuant to an executive order authorized by the Home Rule Charter must comply with requirements imposed by Louisiana law.
The right of the people to observe public bodies is guaranteed by the Louisiana Constitution. The Open Meetings Law, La.R.S. 42:4.1 et seq., defines and describes this right of access. The information provided to our office by the attorney for the City Council has represented that the proposed resolutions reiterate the Open Meetings requirements that are already spelled out by the Louisiana Legislature. For this reason, our office finds it unnecessary to address the separation of powers argument, as the ordinances proposed by the City Council merely reiterate the requirements already applicable to the entity at issue under La.Const. Art. XII, § 3 and La.R.S. 42:4.1 et seq. Despite the fact that the City of New Orleans is governed by a Home Rule Charter implemented prior to the 1974 Constitution, they are still subject to the Open Meetings Law at La.R.S. 42:4.1 et seq., just as they are subject to the Public Records Act at La.R.S. 44:1 et seq., both of which are extensions of the right of access and transparency in government guaranteed to the people by La.Const. Art. XII, § 3. *Page 4 
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 Emalie A. Boyce
 Assistant Attorney General
 JDC: EAB